AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **MIDDLE** |
|---|---|

| Name: (under which you were convicted)<br>**DARRELL LEON RAYFORD** | Docket or Case No:<br>6:21-CV-39-ORL-18-EJK |
|---|---|

| Place of Confinement:<br>**FLORIDA DEPARTMENT OF CORRECTIONS TAYLOR CORRECTIONAL INSTITUTION, PERRY, FL.** | Prisoner No: **M61942** |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **DARRELL LEON RAYFORD** v. **SEC'Y, FLORIDA DEPT. OF CORRECTIONS** | |

| The Attorney General of the State of: **FLORIDA** |
|---|

### PETITION

1.   (a) Name and location of Court that entered the judgment of conviction you are challenging:

The Circuit Court of the Ninth Judicial Circuit, Orange County, Florida

(b) Criminal docket or case number (if known): 2010-CF-015510-A-O

2.   (a) Date of the Judgment of Conviction (if you know): 2/15/2012.

(b) Date of Sentencing: 3/6/2015.

3.   Length of Sentence: 25 YEARS.

4.   In this case, were you convicted on more than one count or of more than one crime?

☑ Yes ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Count One: Attempted First Degree Murder with a Firearm and Count Two: Aggravated Battery w/ Great Bodily Harm.

6.   (a) What was your plea? (Check one)

☑ (1)   Not guilty      ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty      ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and not guilty plea to another count charge, what did you plead guilty to and what did you plead not guilty to? N/A

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON

1-6-21          D.R.

DATE (MAILROOM-MAIN UNIT) OFFICER INT.

AO 241
(Rev. 01/15)

Page 3

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?

☑ Yes ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9.    If you did appeal, answer the following:

(a) Name of Court:  The Fifth District Court of Appeal.

(b) Docket or Case Number (If you know): 5D15-1102

(c) Result: *Per Curiam Affirmed.*

(d) Date of result (If you know): March 15, 2016.

(e) Citation to the case (If you know): *Rayford v. State*, 215 So. 3d 601; 2016 Fla. App. LEXIS 4273(Fla. 5th DCA 2016).

(f) Grounds Raised: Whether The Trial Court's Actions Amounted To An Abuse Of Discretion By Allowing Prejudicial Photos Of The Victims Gunshot Wounds Into Evidence Over Defense Objection.

(g) Did you seek further review by a higher Court?  ☐ Yes ☑ No

If yes, answer the following:

(1) Name of Court: N/A

(2) Docket or Case Number (if you know):   N/A

(3) Result: N/A

(4) Date of Result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds Raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes ☑ No

If yes, answer the following:

(1) Docket or Case Number (if you know): N/A

(2) Result: N/A

(3) Date of Result (if you know): N/A

(4) Citation to the Case (if you know): N/A

AO 241
(Rev. 01/15)

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any State Court?

☑ Yes ☐ No

11.     If your answer to Question 10 was "Yes", give the following information:

(a)     (1) Name of Court: 9th Judicial Circuit Court, Orange County, Florida.

(2) Docket or Case Number (if you know): 48-2010-CF-015510-O

(3) Date of Filing (if you know): April 12, 2016.

(4) Nature of the proceeding: Motion to Correct Illegal Sentence

(5) Grounds Raised:   Rayford's Twenty-Five Year Sentence Is Illegal As It Exceeds His Guidelines Score Without Any Factual Findings Justifying Such A Departure Being Made By The Jury.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☑ No

(7) Result: Denied.

(8) Date of Result (if you know): September 1, 2016.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of Court: 9th Judicial Circuit Court, Orange County, Florida.

(2) Docket or case number (if you know): 48-2010-CF-015510-O

(3) Date of Filing (if you know): March 14, 2018/ May 14, 2018.

(4) Nature of the proceeding: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

(5) Grounds raised:

**Ground One**: Trial Counsel Ineffective for failing to object/raise trial court violation of rule 3.210(a), Florida Rules of Criminal Procedure;

**Ground Two**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to prepare a viable defense;

**Ground Three**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to prepare and/or investigate alibi witnesses;

**Ground Four**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to investigate other available defense witnesses;

AO 241
(Rev. 01/15)

Page 5

**Ground Five**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to adequately advise this defendant of his right to testify;

**Ground Six**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to object to the trial court judge ordering the defendant leg shackled;

**Ground Seven**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to object to the misconduct of juror "Harvey John Brock;"

**Ground Eight**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to object to the information and the Florida Statute utilized;

**Ground Nine**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to object to the double jeopardy violation;

**Ground Ten**: Defendant's trial counsel rendered constitutionally ineffective assistance for failing to utilize a declaration of non-prosecution.

**All Grounds are raised in violation of the 4th, 5th and 14th Amendments of the United States Constitution as well as Strickland v. Washington, 466 U.S. 668(1984) and Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    ☑ Yes ☐ No

(7) Result: Denied.

(8) Date of Result (if you know): May 8, 2019.

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of Court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of Filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition application, or motion?

(1) First petition:          ☑ Yes ☐ No
(2) Second petition:         ☑ Yes ☐ No
(3) Third petition:          N/A

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A

**12.**     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground

**CAUTION:  To proceed in the Federal Court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** *Whether The Trial Court's Actions Amounted To An Abuse Of Discretion By Allowing Prejudicial Photos Of The Victims Gunshot Wounds Into Evidence Over Defense Objection.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In Florida, a trial court's decision to admit photographic evidence will not be disturbed absent an abuse of discretion. A trial court abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.

In the present case, trial court's decision to admit photographic evidence of the victim's injuries, bloody clothing and bloody linen was an abuse of discretion because the ruling was based on a clearly erroneous assessment of the evidence. The state sought to introduce up to 100 pictures of the victim's wounds and corresponding crime scene. Some of the photographs show gunshot wounds to Swanson's right shoulder which is bandaged, an injury to Swanson's back (similarly bandaged) along with the sheets he's lying on, and blood splatter on the white sheets. Defense argued against admittance of these photographs:

**Mr. Pastoor:** For the record, some of these photographs are of clothing that was collected at the scene. The clothing was belonging to the victim. There's DNA of the victim, there was no DNA that belongs to the defendant.

There is no real value to introducing these photos other than to introduce a ton of photographs. I don't think that the bloody photos are anything but prejudicial in light of the fact that they are not really probative of anything.

**The Court:** So you're objecting to all o f the pictures? Is that what I am hearing you say? My question was, do you-all agree to any? It sounds like you do.

**Mr. Pastoor:** Ii mean, if, you know, he wanted to have a photo or two that actually showed the location, that would be fine. But to have 100 photos that show bloody items—

The state countered by stating:

**Mr. Malak:** The following three photographs we disagree on: 645, 648, 654. They are photographs of the three different bullet wounds of the victim. I can show you the photos, but the State's argument is that they are relevant. They show the location of the --

**The Court:** Do you have an objection to me seeing the pictures?

**Mr. Pastoor:** No, Judge. No.

**The Court:** Let me take a look at the pictures, you-all object to and I'll let you make a continuance of the argument. You already kind of made your argument.

**Mr. Pastoor:** Yes, Judge. The only thing we put on the record, we are willing to stipulate that victim has been shot three times, so the photographs at this point are just kind of gory and prejudicial and we are objecting.

Ultimately, the court allowed the photographs to be admitted stating:

**The Court:** Stipulation is when you all have agreed. And I don't think you are all agreeing on anything. It's still his (the state's) presentation of the case. So I don't see anything—so, I mean, it's obviously probative because he (the state) needs to prove certain things in this case. So I'll allow the picture in this time.

The trial court abused its discretion in allowing into evidence the prejudicial photos of the

victims gunshot wounds when the defense already stipulated that the victim had been shot three

times. The trial judge erred in admitting these photographs because they were inflammatory and

irrelevant and violated Petitioner's constitutional right to a fair trial.

The photographs of the victim's injuries and the bloody sheets were not relevant to

establish the manner in which the crime was committed and did not assist the trier of fact, as

testimony clearly established the dynamics of the crime scene otherwise. The photographs did

nothing to assist the medical examiner in explaining to the jury the nature and manner in which the wounds were inflicted, the location of the wounds or the identity of the victim. The photographic evidence submitted by the state was not relevant and its probative value was substantially outweighed by its unfair prejudice. The evidence tended to mislead the jury and was a needless presentation of cumulative evidence. Simply put, the evidence was not needed to show the victims injuries.

The evidence suggested an improper basis to the jury to resolve the matter on an emotional basis. The inclusion of the photographs inflamed the passions and prejudices of the jury, as the crime itself is of the type which can only bring out strong emotions, potentially blinding jurors from impartiality and the standard of finding the Petitioner's guilt beyond and to the exclusion of all reasonable doubt. Petitioner's constitutional right to a fair trial was violated.

(b) If you did not exhaust your state remedies on Ground One, explain why:

        This Ground was exhausted.

(c) **Direct appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☑ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☐ Yes ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition? N/A

(4) Did you appeal from the denial of your motion or petition?  N/A

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?  N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):  N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: This Ground was raised on direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None.

**GROUND TWO:**    *Trial Counsel Ineffective For Failing To Object/Raise Trial Court Violation Of Rule 3.210(A), Florida Rules Of Criminal Procedure In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* **Strickland v. Washington,** *466 U.S. 668(1984).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to trial there was an issue of Petitioner's competency to proceed. Then counsel, Michael Martinko, addressed the trial court with the issue and competency proceedings under Rule 3.210, Florida Rules of Criminal Procedure were initiated. Petitioner was evaluated by Dr Ming and on June 30, 2011 an order was filed declaring Petitioner incompetent to proceed to trial and committed to the Department of Children and Families (DCF). While at the mental health hospital, Petitioner was reevaluated by a doctor sent by the State Attorney's Office and the doctor declared Petitioner competent to proceed. The record does not reflect the name of this doctor. Also while Petitioner was at the metal health hospital, the court assigned him new counsel, Ms. Pastoor. On September 26, 2011, after Petitioner returned to the county jail from the mental health hospital, a status hearing was held in this case. Petitioner was not on record as being present at that hearing. Instead, the record reflects that trial counsel, Ms. Pastoor, spoke for

Petitioner, telling the court that she believed Petitioner to be competent to proceed to trial. Trial Judge Leblanc decided that Petitioner was competent and a jury trial was held in February of the next year.

The record reflects that it took 37 months after the trial and adjudication of guilt for the court to proceed to the sentencing phase. The reason being is that after the trial Petitioner was again evaluated by mental health expert Dr. Ming who found Petitioner incompetent to proceed and again ordered him to be placed into the custody of the DCF and housed at the state hospital for proper mental health treatment. Counsel was in possession of a copy of Doctor Ming's written findings dated October 6, 2013 and August 11, 2014.

Logically, one would be hard pressed to believe that Petitioner, after being found incompetent to proceed *before* trial, and incompetent to proceed *after* trial for sentencing, was competent enough to proceed to trial between those evaluations.

After trial, trial counsel was removed from the case and Petitioner was assigned counsel for sentencing purposes. Sentencing counsel, Ms. Bradley-Sullivan, stated the following on the record:

> "Judge, defense is asking that you take judicial notice of the court file for the purpose of sentencing. The reason why this defendant had a long history of mental illness. There are multiple evaluations in that court file that, Judge, you have previously read because he's been incompetent for more than half the time that this case has been open. From the beginning of the case, he was found incompetent and sentenced to go to the state hospital.
> He has been there multiple times.
> At the time when he came in, you know, there—it was an argument that he may not have been competent when this happened, but his previous attorney did not make that argument. And he has—once he's sentenced, he'll be able to make the proper ramifications for that."(T.T. pg. 10).

Accordingly, there is no doubt that Petitioner's trial counsel knew that a competency issue existed. Counsel was required to have the trial court comply with the rules of procedure

before Petitioner could proceed to trial. To do so, after the court had Petitioner's competency evaluated by mental health experts, counsel should have required the court to hold a competency hearing so that a legal determination could be made concerning petitioner's competency to proceed.

Petitioner's legal status could not be adjudicated competent, after previously being adjudicated incompetent, without a proper hearing. However, counsel failed to comply with this critical procedure. A status hearing was held without Petitioner's presence where counsel and the court agreed together that Petitioner was competent to proceed without any evidence or testimony presented in support of such an argument. No experts, psychological or otherwise, testified, nor did the court colloquy the Petitioner.

No hearing was ever held to find Petitioner competent to proceed to trial, yet jury trial commenced on February 14, 2012. This violates Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments.

As a result of Petitioner's incompetence, he was unable to assist his trial counsel in preparation of a viable defense. Petitioner's mental instability and the affect of the medications Petitioner was taking (Respirdol and Prozac) kept him drowsy and the mental condition prevented him from keeping complete focus on anything occurring around him, especially during the trial and sentencing phases of the proceedings. It was impossible for Petitioner to assist counsel in any manner due to his unstable mental health.

Had counsel objected and/or argued on a properly filed Motion for New Trial the unlawful legal restoration of Petitioner's competency the outcome of the proceedings would have been different. Petitioner would not have been tried until found competent or he would have received a new trial after the trial court proceeded against him while still incompetent.

Petitioner's trial counsel failed to have the issue of Rule 3.210, Fla.R.Crim.P. clarified before the jury trial commenced Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This Ground was exhausted.

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

In Florida, claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but on post-conviction proceedings.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?   ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?

☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:** *Petitioner's Trial Counsel Rendered Constitutionally Ineffective Assistance For Failing To Investigate and Prepare A Viable Defense In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* **Strickland v. Washington**, *466 U.S. 668(1984) And* **Hill v. Lockhart**, *474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was charged with Attempted First Degree Murder with a Firearm and Aggravated Battery with Great Bodily Injury. Counsel assigned to the case prior to Petitioner's hospitalization for incompetency, Michael Martinko, filed a Notice of Alibi with the court. After Petitioner's hospitalization, Mr. Martinko was removed from Petitioner's case and Ms. Pastoor was assigned. Trial counsel, Ms. Pastoor, told Petitioner that there were no defenses available to him against the crimes charged. Ms. Pastoor failed to pursue the existing alibi defense.

The record demonstrates that the state filed a Demand for Intention to Claim Alibi. If nothing else, this notified the defense of a viable defense by questioning whether the defense would be preparing/utilizing the alibi defense and sought the names of all defense witnesses. In other words, even the state was expecting for the defense to use the Alibi Defense.

AO 241
(Rev. 01/15)

Petitioner's mother, Marlina Smalls, and stepfather, Abner Sharpless, were with the Petitioner and his children at the time that the alleged crime was being committed. If they had been called at trial they would have testified that it was impossible for the Petitioner to have been the perpetrator of those crimes.

Trial counsel failed to depose, subpoena and call at trial Marlina Smalls and Abner Sharpless and never prepared the viable alibi defense. Without investigating and deposing these witnesses, trial counsel was unprepared to make a legal decision whether to utilize that defense or not and should never have told Petitioner that there were no defenses available to him against the crimes charged.

Both witnesses, Marlina Smalls and Abner Sharpless, would have testified how the Petitioner was with them and their grandchildren at the time the shooting was alleged to have occurred; and therefore, Petitioner could not have been the perpetrator. These witnesses were available and willing to testify at trial.

The omitted testimony prejudiced Petitioner where the trier of fact was precluded from hearing these statements that could have shed light on Petitioner's whereabouts at the time the crime was alleged to have been committed and there was a reasonable probability the outcome of the proceedings would have been different had the testimony been heard. The jury would have returned a not guilty verdict on all counts because the alibi defense.

Had this Petitioner known that counsel failed to investigate, depose, and call at trial these alibi witnesses, Petitioner would never have waived his right to present a defense after the state rested and the trial court questioned Petitioner.

At the evidentiary hearing held on April 30, 2019, Counsel testified: "I don't have any recollection of speaking with [Petitioner's] mother or stepfather." (Pg. 10 Transcript of

Evidentiary Hearing.). Contrary to this testimony, Petitioner's mother was the sole name on the defense witness list. Additionally, Ms. Smalls filed several notarized letters with the court supporting Petitioner's alibi. Counsel was ineffective for failing to interview, depose and call at trial Ms. Smalls and Mr. Sharpless.

Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

This Ground was exhausted.

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but post-conviction proceedings.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?  ☑ Yes ☐ No

AO 241
(Rev. 01/15)

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?

    ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** *Petitioner's Trial Counsel Rendered Constitutionally Ineffective Assistance For Failing To Investigate, Depose and Call At Trial Other Available Defense Witnesses In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* <u>Strickland v. Washington</u>, *466 U.S. 668(1984) And* <u>Hill v. Lockhart</u>, *474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel assigned to the case prior to Petitioner's hospitalization for incompetency, Michael Martinko, filed a Notice of Alibi with the court. After Petitioner's hospitalization, Mr. Martinko was removed from Petitioner's case and Ms. Pastoor was assigned. Trial counsel, Ms. Pastoor, told Petitioner that there were no defenses available to him against the crimes charged. Ms. Pastoor failed to pursue the existing alibi defense.

During an attorney/client consultation, Petitioner informed counsel that Johnny Davis and Shantella Atwell were willing to testify on behalf of the Petitioner. Both witnesses would have

testified that they lived in the area where the victim had been shot and that Petitioner was not present at the scene during the shooting.

Johnny Davis would have testified that he had seen Petitioner at Petitioner's mother's house just after the shooting was alleged to have occurred, that Petitioner had been with his family, that Petitioner had no clue that the shooting occurred as he was spending quality time with his parents, son and daughter, and that it would have been impossible for Petitioner to have been at the crime scene and gotten to his mother's house so quickly.

Shantella Atwell would also have testified that Petitioner was never at the crime scene. Moreover, had counsel thoroughly interviewed Shantella Atwell and investigated her statements, the fact that the crime had been committed by another individual would have been brought to light. Ms. Atwell even knew the individual who committed the crime and would have provided the perpetrators name. Ms. Atwell wrote a letter to the court attesting to these facts; therefore counsel knew that such defense existed.

The omitted testimony prejudiced Petitioner where the trier of fact was precluded from hearing these statements that could have shed light on Petitioner's whereabouts at the time the crime was alleged to have been committed and there was reasonable probability the outcome of the proceedings would have been different had the testimony been heard. The jury would have returned a not guilty verdict on all counts because the alibi defense.

Counsel failed to speak with two witnesses before making a legal decision as to whether to pursue the alibi defense or to notify the Petitioner whether the defense existed against the crimes. Had this Petitioner known that counsel failed to investigate, depose, and call at trial these alibi witnesses, Petitioner would never have waived his right to present a defense after the state rested and the trial court questioned Petitioner. Further, had the testimony of these witnesses

been presented, Petitioner would have testified on his own behalf. Counsels telling Petitioner that there were no defenses available to him against the crimes charged essentially coerced Petitioner into waiving his right to testify on his own behalf, a decision Petitioner would not have made otherwise.

At the evidentiary hearing held on April 30, 2019, Counsel testified: "I don't have personal recollection of those people." (Pg. 11 Transcript of Evidentiary Hearing.). Ms. Shantella Atwell filed several notarized letters with the court supporting Petitioner's alibi. Counsel should have talked to her. Counsel was ineffective for failing to interview, depose and call at trial Ms. Atwell and Mr. Davis.

Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

This Ground was exhausted.

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but post-conviction proceedings.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?    ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?
    ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

**GROUND FIVE:** *Petitioner's Trial Counsel Rendered Constitutionally Ineffective Assistance For Failing To Adequately Advise This Petitioner Of His Right To Testify In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* **Strickland v. Washington**, *466 U.S. 668(1984).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel had a duty to provide Petitioner with proper legal advice concerning testifying or waiving that critical right. Prior to trial, and during trial, Petitioner told counsel that he wanted to testify on his own behalf. Petitioner is innocent of all charges and all of the testimony gleaned

from the state's witnesses was contradictory to each other. Accordingly, Petitioner's testimony (as well as the testimony of his alibi witnesses) was the only testimony that would provide the jury with the truth. At that time, counsel incorrectly informed Petitioner that the state could use Petitioner's prior convictions as impeachment and that the jury would hear the specific nature of those prior convictions. Petitioner believed counsel's advice to be true and based his decision to not testify on this erroneous advice and misinformation.

The trial court never inquired of Petitioner whether he was waiving his constitutional right to testify on his own behalf, but solely relied on the word of counsel that Petitioner did not wish to testify. The record is clear that Petitioner was never personally addressed by the trial court judge as to whether Petitioner wanted to testify. Instead, counsel led the court to believe that Petitioner waived that right.

Had counsel provided proper legal advice, Petitioner would never have waived his right to testify, especially where the defense alibi witnesses would have corroborated Petitioner's own testimony.

Without counsel's misadvice, Defendant would have testified and the outcome of the proceedings would have been different. The omitted testimony prejudiced Petitioner where the trier of fact was precluded from hearing Petitioners testimony that could have shed light on Petitioner's whereabouts at the time the crime was alleged to have been committed and there was reasonable probability the outcome of the proceedings would have been different had the testimony been heard. The jury would have returned a not guilty verdict on all counts because the alibi defense.

Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

      This Ground was exhausted.

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      ☐ Yes ☑ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but post-conviction proceedings.

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

      9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

    Result (attach a copy of the court's opinion or order, if available): Denied.

    (3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?

      ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

      The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: N/A

**GROUND SIX:** *Petitioner's Trial Counsel Rendered Constitutionally Ineffective Assistance For Failing To Object To The Trial Court Judge Ordering The Petitioner Leg Shackled In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* Strickland v. Washington, *466 U.S. 668(1984) And* Hill v. Lockhart, *474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial, Petitioner was leg shackled. Petitioner and his mother brought to the attention of trial counsel how the impaneled jury kept being distracted by the noise the leg shackles were making, how the jury kept directing their view towards Petitioner every time Petitioner moved because they could not help to hear the shackles make noise. Counsel misinformed Petitioner and his mother that there was nothing that could be done to prevent the court from having Petitioner leg shackled throughout the trial, or to prevent the noise, and counsel never brought the distraction to the courts attention. Petitioner was prejudiced where the jury was distracted and unable to pay full attention to the case being tried, the testimonies provided, and/or the evidence presented.

Counsel failed to take any action to bring the shackle issue to the courts attention and have it corrected. Trying Petitioner for a crime while he sits shackled and allowing the impaneled jury to see it, hear it and be distracted by it, is an affront to the very dignity and decorum of judicial proceedings that any judge is seeking to uphold. Not only is it possible that the shackles

had a significant effect on the jury's feelings about Petitioner, it affected the Petitioners ability to communicate with his counsel, which is critical, and destroyed one of Petitioner's primary advantages of being present at trial.

Had counsel objected or taken any other action to bring the shackle issue to the courts attention and have it corrected, the outcome of the proceedings would have been different. There is no telling how much testimony or evidence was missed by the jurors who were continually distracted by the shackles. Without such distraction, Petitioner asserts that there was enough testimony and evidence presented that was contradictory to one another that, had they heard it, the jury would have returned a verdict of not guilty. Or, had the trial court been made aware of the situation on record through an objection and a Motion for New Trial, the court would have been hard pressed not to grant such a motion and Petitioner would not have been convicted.

Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Six, explain why:
　　　　This Ground was exhausted.
　　(1) If you appealed from the judgment of conviction, did you raise this issue?
　　　　☐ Yes ☑ No
　　(2) If you did not raise this issue in your direct appeal, explain why:
　　Claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but post-conviction proceedings.

(d) **Post-Conviction Proceedings:**
　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?　☑ Yes ☐ No
　　(2) If your answer to Question (d)(1) is "Yes," state:
　　Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.
　　Name and location of the court where the motion or petition was filed:

9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?   ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?

　　　☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: N/A

**GROUND SEVEN:** *Petitioner's Trial Counsel Rendered Constitutionally Ineffective Assistance For Failing To Object To The Misconduct Of Juror "Harvey John Brock" In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* **Strickland v. Washington**, *466 U.S. 668(1984) And* **Hill v. Lockhart**, *474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 01/15)

During the trial, juror Harvey John Brock entered a bathroom also occupied by (unbeknownst to the juror) Petitioners cousin Tyrone Smalls. Mr. Brock told Mr. Smalls details about the case in which he was partaking and how he was going to enjoy finding Petitioner guilty.

Petitioner had Tyrone Smalls speak with his trial counsel about what took place. The trial court record reflects how this violation was brought to the attention of the trial court judge and a hearing was held, however, before the matter could be completed the court proceeding was postponed. This legal matter was never rescheduled or finalized.

Trial Counsel failed to object to the misconduct of juror "Harvey John Brock" and preserve the issue for appellate proceedings. Counsel failed to force the trial judge to enter a final order concerning the misconduct of juror Brock. Counsel had a duty to make sure the trial court judge address the juror misconduct and make a final ruling as to the prejudice the juror caused to the Petitioners impaneled jury. Counsel and the trial court judge failed to completely address this critical violation before allowing the jury to enter a verdict of guilt and/or before sentencing Petitioner to incarceration.

Almost a year after the trial was over; Petitioner's sentencing counsel did submit a Motion to Interview Juror.

Petitioner was prejudiced where this bias juror was allowed to enter deliberations with the other jurors and there is no telling the influence he had on the verdict, especially considering this man was named the foreman of the jury. Allowing this bias juror to sit as a fact finder of the case violates Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Had counsel objected to the misconduct of juror "Harvey John Brock" the outcome of the proceedings would have been different. Petitioner would have been granted a new trial.

Had counsel objected to the misconduct of juror "Harvey John Brock" the issue would have been preserved the issue for appellate proceedings. The verdict of guilty would not have been allowed to stand; the case would have been reversed and remanded back to the trial court for a new trial.

Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Seven, explain why:

This Ground was exhausted.

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but post-conviction proceedings.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two

through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?    ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?

☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: N/A

**GROUND EIGHT**: *Petitioner's Trial Counsel Rendered Constitutionally Ineffective Assistance For Failing To Utilize A Declaration Of Non-Prosecution In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution As Well As* **Strickland v. Washington**, *466 U.S. 668(1984) And* **Hill v. Lockhart**, *474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to utilize the declaration of non-prosecution from the victim in this case, Eddie Swanson, when the state witness notified Petitioner's trial counsel how Petitioner was not the individual who discharged a weapon at him or shot him.

Before the trial in this case began, Mr. Swanson approached the Petitioner while in the Orange County (Florida) Jail. Also present was Corporal Perez. Mr. Swanson expressed to the

Petitioner that he knew the Petitioner was not the person who shot him. Corporal Perez told Mr. Swanson that he should speak to Petitioner's trial counsel and make the defense aware of those facts. Corporal Perez even stated that he was willing to notify defense counsel of the conversation and, if he had to, he would testify to what he heard first-hand.

Counsel visited Petitioner at the County Jail. Petitioner told counsel of the conversation that was had between himself and the victim, all while in the presence of Corporal Perez who was willing to testify. Counsel failed to take any action concerning this matter.

Moreover, counsel failed to investigate, depose and call at trial as a defense witness Corporal Perez who would have testified how Mr. Swanson expressed to the Petitioner that he knew the Petitioner was not the person who shot him. The issue of Corporal Perez was raised in post-conviction proceedings but has never been addressed to finalization, nor were portions of the record attached that conclusively refute this claim.

Trial Counsel was ineffective for not obtaining Mr. Swanson written or oral statement when visiting him as well as for not investigating, deposing and calling at trial Corporal Perez. If not for counsels error the outcome of the proceedings would have been different. There's no doubt that the information which Mr. Swanson and Corporal Perez were willing to provide the defense and court would have been helpful as it attacked the state's case in chief. The state did not have anyone else who was able to place the alleged weapon in the Petitioner's hand. This testimony, in conjunction with the alibi witness testimony that placed Petitioner at a completely different scene at the time the crime was committed, would have resulted in a not guilty verdict by the jury. This testimony also would have supported the trial court granting Petitioner a Motion for Judgment of Acquittal.

The omitted testimony prejudiced Petitioner where the trier of fact was precluded from hearing these statements that could have shed light on the fact that Petitioner was not the person who shot the victim and there was reasonable probability the outcome of the proceedings would have been different had the statement been obtained by counsel and been heard by the jury. The jury would have returned a not guilty verdict on all counts after hearing the oral or written statement of the victim, Mr. Swanson.

Had counsel obtaining Mr. Swanson written or oral statement when visiting him and investigated, deposed and called at trial Corporal Perez as a defense witness, Petitioner would never have waived his right to present a defense after the state rested and the trial court questioned Petitioner. Further, had the statements and testimonies of these witnesses been presented, Petitioner would have testified on his own behalf. Counsels telling Petitioner that there were no defenses available to him against the crimes charged essentially coerced Petitioner into waiving his right to testify on his own behalf, a decision Petitioner would not have made otherwise.

Petitioner's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Eight, explain why:
This Ground was exhausted.

(1) If you appealed from the judgment of conviction, did you raise this issue?
☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Claims of ineffective assistance of trial counsel are not generally cognizable on direct appeal, but post-conviction proceedings.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post-conviction Relief/Amended Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

9th Judicial Circuit Court, Orange County, Florida.

Docket or case number (if you know): 48-2010-CF-015510-O

Date of the court's decision: On March 22, 2019, the Circuit Court issued an order denying Petitioner's Motion for Post-conviction Relief in part (Grounds seven through nine) and reversing in part for an evidentiary hearing (Grounds one through six and ten--Grounds two through seven and eleven this Petition.). On May 8, 2019, the Circuit Court issued an order denying Grounds one through six and ten.

Result (attach a copy of the court's opinion or order, if available): Denied.

(3) Did you receive a hearing on your motion or petition?    ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal?

☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020; rehearing and rehearing en banc denied October 2, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: N/A

**GROUND NINE:** *The Cumulative Effect Of All Errors Deprived Petitioner Of A Fair Trial In Violation Of The 5th, 6th And 14th Amendments Of The United States Constitution.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 01/15)

Page 31

Petitioner has identified multiple errors made during trial by his trial counsel. The errors, when considered cumulatively, were enough to deprive Petitioner a fair and impartial trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and such violation requires reversal.

(b) If you did not exhaust your state remedies on Ground Eight, explain why:

This Ground was exhausted.

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

The cumulative effect described was based on the multitude of errors made by trial counsel, and as such, this ground was not cognizable on direct appeal, but post-conviction proceedings.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Initial Brief.

Name and location of the court where the motion or petition was filed:

The Fifth District Court of Appeal.

Docket or case number (if you know): 5D19-1655

Date of the court's decision: August 18, 2020.

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(3) Did you receive a hearing on your motion or petition?   ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes, did you raise this issue in the appeal? N/A.

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue. Petitioner raised this claim for the first time on appeal from the denial of his Amended for Post-conviction Relief, did not receive an opinion form the Fifth District Court of Appeal, and therefore could not apply for jurisdiction from the Florida Supreme Court.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine: N/A

**13.** Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) or not presenting them:  N/A.

(b) Is there any ground in this petition that had not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:     All Grounds have been presented and exhausted in the State Courts.

**14.** Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available. N/A

**15.** Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or  federal, for the judgment you are challenging?     ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

**16.** Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

**(a) At preliminary hearing:** Heather Pastoor Public Defender's Office Orange County, Florida 435 N. Orange Ave. Orlando, Fl. 32801.

**(b) At arraignment and plea:** Heather Pastoor Public Defender's Office Orange County, Florida 435 N. Orange Ave. Orlando, Fl. 32801.

**(c) At trial:** Heather Pastoor Public Defender's Office Orange County, Florida 435 N. Orange Ave. Orlando, Fl. 32801.

**(d) At sentencing:** Ms. Bradley-Sullivan Office of Regional Criminal Conflict and Civil Regional Counsel, 5ᵗʰ District, 101 Sunny Town Rd., Suite 310, Castleberry, Fl. 32707.

**(e) On appeal:** James S. Purdy, Public Defender, and Joseph J. St. Angelo, Assistant Public Defender, Daytona Beach, Florida.

**(f) In any post-conviction proceeding:** Hubert "Kyle" Fletcher Public Defenders Office Orange County, Fl. P.O. Box 4994, Orlando, Fl. 32802-4994 or 425 N. Orange Ave., Ste. 410, Orlando, Fl. 32801.

**(g) On appeal from any ruling against you in a post-conviction proceeding:** None

**17.** Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A.

(b) Give the date the other sentence was imposed; N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes ☑No

**18.** TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This §2254 habeas corpus petition is timely filed.

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Petitioner respectfully prays this Honorable Court reverse the judgment and order a jury trial proceedings, or in the alternative, set this cause for a full and fair evidentiary hearing to allow for the claims raised herein to be evaluated or any other relief to which petitioner may be entitled.

_____**N/A**_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on_____.

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.  N/A